United States District Court
for the
Western District of New York

DeVonté Rashad Lee Moorer,
DIN #11B2591

Plaintiff

Case NO.
23CV 6040-
FPG

UNITED STATES DISTRICT COURT
FILED
JAN 17 2023
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

V.

| Names | Rank/Title |
|-------|-----------|
| 1. Terrance McCann | Sergeant |
| 2. Stephen Kokotajlo | Sergeant |
| 3. Donald Lockwood | Captain |
| 4. Robert O'Leary | Lieutenant |
| 5. Russell Fox | Lieutenant |
| 6. Kevin J. Brown | Dep. Sup. of Security |
| 7. Christopher Yehl | Superintendent |
| 8. Anthony Annucci | Acting Commissioner |
| 9. State of New York | State |
| 10. Department of Corrections and Community Supervision | Political agency/ Subdivision |

Complaint for Violation
of Civil Rights
(Prisoner Complaint)
New York

Address where Defendants
Can be found

1. Terrance McCann

2. Stephen Kokotajlo

3. Russell Fox

4. Robert O'Leary

5. Donald Lockwood

6. Kevin J. Brown (may have Retired)

7. Christopher Yehl

Address of
Attorney for all
Defendants
· Office of the Attorney
General
P.O. Box 7431
State Capitol
Albany, New York 12224

Defendants #1-7 have the same address
· Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004-1187

8. Anthony Annucci
Defendant #8 has the address of;

· State of New York
Department of Corrections
and Community Supervision
The Harriman State Campus - Bldg. #4
1220 Washington Avenue
Albany, New York 12226-2050

Exhaustion of Administrative Remedies Administrative Procedures

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes ☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim:

• Wende Correctional Facility

B. Does the jail, prison, or other correctional facility where your claim(s) arose have grievance Procedure?

☑ Yes ☐ No ☐ Do Not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes ☐ No ☐ Do Not know

If yes, which claim(s)?

My claim in respects to racial discrimination, Retaliation, harassment, and due process, and cruel and unusual punishment and Equal protection of rights. My claim that my Constitutional rights were violated and that the "Crown Act" was violated.

D.) Did you file a grievance in the jail, prison, or other Correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes ☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

- Wende Correctional Facility

2. What did you claim in your grievance?
- Racial Discrimination, Slurs
- Harassment
- Retaliation
- Crown Act violation
- Cruel and unusual punishment
- Unreasonable Search
- Threats

3. What was the result, if any?
- All the four grievances were subsequently denied and I appealed those denials and were again subsequently denied.

4.) What steps, if and, did you take to appeal that decision? IS the grievance process completed? If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)
- All four grievances were appealed to the highest level (C.O.R.C.) and the C.O.R.C. has denied all appeals to said grievances. There are no further appeals to take, I have exhausted all of my remedies.

7. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies
- During the process of exhausting my administrative remedies I wrote a letter to the Attorney General

Leticia James, explaining in detail my claim, and sent
said letter to the Attorney General Leticia James via
Certified mail return receipt.

To the best of your knowledge, have you had a case
dismissed based on this "three strikes rule"?
☐ Yes   ☑ No

Have you filed other lawsuits in State or
Federal Court dealing with the same facts involved
in this action?
☐ Yes   ☑ No

I agree to provide the clerk's office with any
changes to my address where case-related papers may
be served. I understand that my failure to keep
a current address on file with the clerk's office
may result in the dismissal of my case.

Date of Signing: 1-11-23
Signature of Plaintiff
Printed name of Plaintiff          DeVonté Rashad Lee Moorer
Prison Identification No.          1182591
Prison address (current)           Upstate Correctional Facility
                                    P.O. Box 2000  Bare Hill Road
                                    Malone, New York 12953

Jurisdiction and
Venue # 7

Please Take Notice;

Department of Corrections and Community Supervision,

Defendants: Terrance McCann, Stephen Kokotajlo, Donald Lockwood, Robert O'Leary, Russell Fox, Kevin J. Brown, Christopher Yehl and Anthony Annucci, are being sued in their *individual Capacities in respects* to punative, Compensatory, and exemplary damages.

Defendants: Terrance McCann, Stephen Kokotajlo, Donald Lockwood, Robert O'Leary, Russell Fox, Kevin J. Brown, Christopher Yehl, Anthony Annucci, State of New York, Department of Corrections and Community Supervision, are being sued in their official Capacities in respects to Declatory and/or Injunctive relief.

Plaintiff _____ Moorer, Avner, Document 1 and alleges as
(Devonte Rashad Lee Moorer)
follows :

## Nature of the Case

1) This is a civil rights action arising from defendant's
racial and national origin discrimination against
plaintiff, retaliation against plaintiff, violation of
plaintiff's due process rights, cruel and unusual punishment
inflicted on plaintiff and perjury against plaintiff, ~~an~~ harassment on
or about November 9th, 2021, November 30th, 2021, December
22nd, 2021, January 19th, 2022, January 26th, 2022, January
5th, 2022, February 23rd, 2022, April 20th, 2022, February 17th,
2022, in Alden, Buffalo, in New York State.

## Jurisdiction and Venue

2) This action is brought pursuant to 42 U.S.C.A. §§ 1983 and 1988,
and the First, Fifth, Eighth, Fourteenth amendments to the United States
Constitution. Jurisdiction is founded on 28 U.S.C.A. §§ 1331
and 1343 (a) (3) and (4) and the above-mentioned Statutory
and Constitutional provisions. The amount in controversy
in this case, excluding interest and costs, exceeds the
minimum jurisdictional limit on this court. (That is Fourteenth)

3) Plaintiff further invokes the supplemental jurisdiction of
this court pursuant to 28 U.S.C.A. § 1367 to hear and decide
claims arising under State Law.

4. A substantial part of the events and/or omissions complained of here occured in Erie County New York, and this action is properly assigned to the Civil division of the United States District Court for the western District of New York State.

5. Plaintiff demands a Jury Trial.

6. Plaintiff is an incarcerated individual in State Prison. (New York State)

7. Plaintiff is preceeding under section 1983 and is sueing all defendants in their individual and official Capacities. (see Notice for specifics)

## Parties

8. Plaintiff DeVonté Rashad Lee Moorer is a Natural Black male/man, with long hair and a long beard, of dhbullah, also known as Africa, origin, born and residing in the State of New York.

9. Defendant State of New York is a public entity established and Maintained by the Laws and Constitution of the State of New York, and owns, operates, manages, directs, and/or Controls the Department of Corrections and Community Supervision, employs, and/or is responsible within New York State, and together with the Department of Corrections and Community Supervision, employs, and/or is responsible for the Other Defendants in this action.

10. Defendant Department of Corrections and Community Supervision is a public agency and/or political subdivision of the State of New York, established and maintained by the laws and Constitution of the State of New York, and employs and/or is responsible for the other Defendants in this action.

11. At all times relevant to this action, defendants Terrance McCann and Stephen Kokotajlo, Donald Lockwood, Robert O'Leary, Russell Fox, Kevin J. Brown, Christopher Yehl and Anthony Annucci, badge Numbers Unknown were white males, employed as New York State sergeants, Lieutenants, Captain, Deputy of security Superintendent of security, Superintendent and acting Commissioner by defendants state of New York and the Department of Corrections and Community Supervision and was acting within the course and scope of that employment.

12) Plaintiff is informed and believes, and on the basis of such information and belief alleges, that each of the defendants sued here was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as subsequently described, and proximately caused injuries and damages to plaintiff. Further, as stated in #11 above, the same is true for defendants, Stephen Kokotajlo, Donald Lockwood, Robert O'Leary, Russell Fox, Kevin J. Brown, Christopher Yehl, and Anthony Annucci. Further, one or more defendants was at all material times responsible for the hiring, training, supervision, and discipline of defendants Terrance McCann, Stephen Kokotajlo, Donald Lockwood, Robert O'Leary, Russell Fox, Kevin J. Brown, and other defendants.

13) Plaintiff is informed and believes, and on the basis of such information and belief alleges, that each of the defendants was at all material times an agent, servant, employee, partner, joint venturer, co conspirator and/or alter ego of the remaining defendants, and in doing the things here alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and on the basis of such information and belief alleges, that each of the defendants in this action gave consent, aid, and assistance to each of the remaining defendants, and ratified and/or authorized the acts or omissions of each defendant as alleged here, except as may be subsequently otherwise specifically alleged.

14.) At all material times, each defendant was jointly engaged in tortious activity, resulting in the deprivation of plaintiff's Constitutional rights and other harm.

15.) At all material times, each defendant acted under color of Laws, statutes, ordinances and regulations of the State of New York.

16.) The acts and omissions of defendants Terrance McCann, Stephen Kokotajlo, Russell Fox, Donald Lockwood, Robert O'Leary, Kevin J. Brown, Christopher Yehl and Anthony Annucci at all material times were pursuant to the actual customs, policies, pratices and procedures of the State of New York and the Department of Corrections and Community Supervision.

17.) This complaint may be pleaded in the alternative pursuant to Federal Rule of Civil procedure 8 (d) (2) (Fed. R. Civ. P. 8 (d) (2).

## General Allegations

18.) On or about November 9th, 2021, plaintiff was working in the Rmu of Wende Correctional facility when he was approached by Sergeant Terrance McCann who immediately began to scream beligerantly at plaintiff stating "you better cut that disgusting shit off your face before I rip it off". This occured at approximately 2:30 pm on the first floor of said Rmu. My prison co-workers and escorting Correctional Officer witnessed this. Plaintiff has a long beard.

19.) Plaintiff responded to defendant Sergeant Terrance McCann by stating "the rule restricting me from growing my beard without a religious exemption was removed from the rule book, and section 7616.4 of the NYCRR (New York Codes, Rules and Regulations) permitts me to adopt hair Styles and that the 'Crown Act' was signed into law in New York State ' ".

20.) Defendant Sergeant Terrance McCann then became even more infuriated with plaintiff and threatened to make Plaintiff "disappear" if he hadn't cut his beard by the next time they encountered eachother.

21.) A white female Corrections officer with the name of maryanne Solfrank witnessed this exchange. As well as my prison co-workers in the RMU.

22.) During said encounter, Defendant aggressively expressed to plaintiff that even though the rule was removed from the rule book, he could still give plaintiff a direct order to cut his beard because directive #4914 was still in effect. Defendant Sergeant Terrance McCann expressed this.

23.) On or about November 30th, 2021, Plaintiff was walking out of the mess hall area into the mega corridor at approximately 12:30 pm, within Wende Correctional Facility in New York State, when he was approached by Sergeant Terrance McCann, defendant, who again began beligerently screaming at plaintiff, in front of defendant's co-workers, and telling him

to cut his beard off immediately "or else." This was a
threat, plaintiff had remained silent during this encounter.

24. On or about December 22nd, 2021, in the A and D Lobby
of Wende Correctional Facility, in New York State, at
approximately 4:45pm plaintiff was selected to step out of
line to be pat frisked, defendant Sergeant Terrance McCann
Ordered the Selecting and the escorting Correctional Officer
Conducted the pat frisk directed by defendant Terrance McCann.
25. Plaintiff was guided to the wall in same said area
Where he was pat frisked by a Correctional officer all
While defendant Terrance McCann, very calmly, stated "you
know whats gonna happen to you right" as defendant
Terrance McCann reached out and attempted to grab
Plaintiff's beard. However while still holding the wall
Plaintiff quickly turned his head away from defendant
Terrance McCann to avoid having his beard pulled and ripped
off by defendant Terrance McCann, yet plaintiff remained
Silent during this encounter.
26. On or about December 23rd, 2021, plaintiff received a false
misbehavior report authored by defendant Terrance McCann
With the rule violations of 106.10 Direct Order, 102.10 Threats
and 107.10 Interfere with an employee. The description of the
incident reads as follows: "On the above date and time, I gave
I/I moorer 1182591 a direct order to cut his unauthorized
braided beard of 6". Inmate Moorer does not have a
acomidation request and does not have one for relegion. I/I
moorer told me I was wrong, and that I am harrassing
him and I will see. I told him that I/I Grooming Standards
had not changed. I/I moorer was told not to make threats.
This is the third time I have given I/I moorer a direct
order to cut this ~~braided~~ braided beard off. I have explained
all three times to him that the grooming misbehavior

Charge has been eliminated but Directive 4914 I/I Grooming Standards has not. The First Direct Order was on November 9th in the RMU and again on November 30th coming out of the messhall. I/I moorer has deliberately ignored my direct orders to cut his unauthorized braided beard to one inch and remove the braid pattern."

Plaintiff's Tier II Disciplinary hearing was conducted shortly there after, on or about January 2nd, 2022, in the disciplinary hearing room by defendant Lieutenant Robert O'Leary in wende Correctional facility in new York State in which Plaintiff properly presented arguements, evidence and testimony but was still found guilty of rules 106.10 direct Order and 107.10 Interfere with an employee but was found not guilty of rule 102.10 Threats. Plaintiff had submitted as evidence the "Crown Act" which strictly forbids hair discrimination deeming it racial discrimination, the new York State DOCCS memorandum from James O'Gorman, Deputy Commissioner for Correctional Facilities dated December 8th, 2020 which removed rule 110.32 -Beard/mustache from the Standards of Inmate Behavior. As well as testimony and other evidence. Plaintiff appealed to defendant Superintendent Christopher Yehl.

27. On January 1st, 2022, in wende Correctional Facility in new York plaintiff filed a grievance against defendant Terrance McCann describing the incidents stated above.

This grievance was stamped "received" on January 3rd, 2022, by Wende Correctional Facility's grievance program. Plaintiff also sent a letter, certified mail return receipt, to Attorney General Leticia James of New York State on January 1st, 2022, detailing the incidents described above. Then on January 2nd 2022, Plaintiff's cell was searched by Correctional officer Gregory Van Bourgondien who first conveyed to the gallery porter that "they told me to tear up Moorer's cell but I'm not going to do their dirty work, tell Moorer that", and the gallery porter then conveyed that message to plaintiff and shortly there after Plaintiff's cell was frisked with his property undamaged.

28. On January 6th, 2022, Plaintiff's appeal to said misbehavior report dated December 22nd, 2021, and received on or about December 23rd, 2021, was denied by Deputy Superintendent of security of Wende Correctional Facility defendant Kevin J. Brown. Said defendant is a Co-Conspirator. Plaintiff's disciplinary restrictions of 15 days loss of packages, Commissary, and recreation was subsequently upheld by said denial and plaintiff suffered such losses.

29. On January 13th, 2022, Plaintiff's grievance to said incidents regarding the first misbehavior report dated December 22nd and 23rd, 2021, stated above was denied in which the security Supervisor who investigated the matter was defendant Russell Fox who was also Plaintiff's future hearing officer.

31.) On January 19th, 2022, defendant Terrance McCann approached plaintiff on the second floor and again on the fourth floor of the RMU of Wende Correction facility in New York State and began to belittle and berate plaintiff while posturing plaintiff. Incarcerated Individual Reginald McFadden witnessed this, defendant Terrance McCann also incorporated racial slurs while he berated plaintiff saying "I fucking hate you people, I live for the day to throw your fucking monkey ass in the box, jest wait".

32.) On January 20th, 2022, Plaintiff was escorted back to his cell from the RMU where he worked, in Wende Correctional facility in New York State and was told by Mary Ann Solfrank that defendant Donald Lockwood had called for plaintiff's termination for said RMU job/program, because plaintiff refused to cut his beard, plaintiff was also denied recreation for the remainder of that day.

33.) On or about January 21st, 2022, Plaintiff was relocated to another cell then on or about January, 25th, 2022, Plaintiff was again relocated to yet another cell this second move was witnessed by C.O. Mary Ann Solfrank, and Sgt. Michael Stachewicz whom plaintiff then informed of the retaliatory measures being taken against plaintiff. On January 25th, 2022, plaintiff submitted yet another grievance within Wende Correctional facility against defendants Donald Lockwood and Terrance McCann stating that those defendants approached plaintiff seperately on January 5th, 2022, and threatened that plaintiff would "never have another visit in this jail again if you still have that shit on your face by this time tomorrow", and that he (defendant) would call the block to tell the C.O.'s not to let plaintiff out of his cell.

34.) On or about January 27th, 2022, Plaintiff received yet another misbehavior report authored by defendant Sergeant Terrance McCann for the alleged rule violation of 106.10 direct order with a description of the incident stating

for the Description of Incident." On 1-19-22, I was working in the RMU. I/I moorer 1182591 was on the second floor of the RMU, while I was making my rounds. I/I moorer has a braided hanging from his chin and does not comply with Directive 4914 I/I grooming Standards. I have given I/I moorer several direct orders in the past to cut this off his chin. I again gave I/I moorer a direct order to remove this braid. On 1-26-22, I was working on 3-11 and observed I/I moorer coming out of the Mess Hall and he has still not removed this braid from his chin to come in Compliance with Directive 4914. I/I moorer has been given sufficient time to cut this from his Chin, but continues to ignore all direct orders by myself, a LT. and a Capt. I/I moorer does not have a beard exception or any other permit allowing him to have this on his face." What was not included in said description is the derogatory and racial Comments defendant Terrance McCann used to inflict pain on plaintiff as well as the physical attempt to snatch ~~dddddddd~~ Plaintiff's beard to rip it off of his face. Which Incarcerated Individual Felix Medina Witnessed the January 19th, 2022, incident Stated above.

35. On Feburary 1st, 2022, a ~~another~~ hearing was Conducted for the January 26th, 2022, misbehavior (or 27th)

report authored by defendant Terrence McGlinn. The hearing officer for this hearing was defendant Robert O'Leary, in Wende Correctional Facility in New York State in which plaintiff was subsequently found guilty even after plaintiff presented the same evidence and testimony that plaintiff submitted during his first disciplinary hearing for the misbehavior report dated December 22nd, or 23rd, 2021, as stated previously. Plaintiff received 20 days loss of commissary, recreation and packages. Plaintiff appealed said disposition for the misbehavior report dated January 26th or 27th, 2022, to the defendant Superintendent Christopher Yehl.

36. On Feburary 8th, 2022, Plaintiff's appeal to his January 26th, 2022, (or 27th) misbehavior report was denied again by Wende Correctional Facility's Deputy Superintendent of security defendant Kevin J. Brown.

37. On Feburary 9th, 2022, said grievance dated January 28th, 2022, was denied and plaintiff appealed to the C.O.R.C. (highest appeal level).

38. On Feburary 18th, 2022, Plaintiff received yet another misbehavior report in Wende Correctional Facility in New York State authored by defendant Stephen Kokotajlo with the rule

Violations being nece to comply with and art. 1.10 non compliance with the disciplinary hearing with a description of the Incident being: "on the above date, I/I moorer was exiting the mess hall after morning chow. I/I moorer 1152591 was Observed with a braided beard that is approx. 9" long and does not comply with Directive 4914. I/I moorer was found guilty on Feb. 1, 2022, for a direct order to cut this braided beard. I/I moorer has failed to comply with the disciplinary hearing. I/I moorer was again given a direct order to cut this braided beard and come in compliance with Directive 4914."

39. On or about Feburary 18th, 2022, Plaintiff was so traumatized and in fear for his life that he physically Shut down and muted himself. Plaintiff remained Completely silent for approximately 60 days, not uttering one word, with the only exception of talking to his mother. Many Correctional officers witnessed this including but not limited to Plaintiff's gallery officers, Law Library officers, hearing officers.

40. On Feburary 28th, 2022, a disciplinary hearing for the Feburary 17th, 2022 and 18th, 2022 misbehavior report report began within wende Correctional Facility in new York State with defendant Lieutenant Russell Fox as Plaintiff's hearing officer in which plaintiff was subsequently found guilty of both

Charges and given 86 days off, loss of all privileges including
the phone home privilage. Plaintiff then appealed said disposition.

41.) On Feburary 18th, 2022, plaintiff again filed another grievance
within wende Correctional facility in new York State in
respects to the Feburary 17th/18th, 2022, incident whereas
sergeant Terrance McCann, defendant, scoffed a racial slur
While posturing plaintiff in the mega corridor of said
facility.

42.) On march 7th, 2022, Said appeal was subsequently affirmed
by wende Correctional facility's Deputy Superintendent of
Security defendant Kevin J. Brown.

43.) plaintiff could not receive any relief or remedy from said
grievances because defendant Sergeant Terrance McCann was
also the grievance Sergeant.

44.) On Feburary 23rd, 2022, plaintiff filed a grievance in respects
to a surreptitious incident within wende correctional facility
in new York State whereas plaintiff was forced to only
purchase from the restricted buy commissary sheet eventhough
plaintiff was not at that time serving any restrictions.

45.) On march 8th, 2022, Said grievance was Subsequently
denied and plaintiff appealed to the C.O.R.C, this grievance
pertained to the Feburary 17th/18th, 2022, incident.

46.) On march 18th, 2022, Said grievance with respect to
the restricted buy sheet was denied in part and granted
in part, however no remedy came to fruition eventhough
one was directed by the I.G.R.C, And Plaintiff was appealed
said denial to the C.O.R.C.

47) On or about May 5th 2022, Plaintiff made a request to Superintendent Christopher Yehl, defendant, within Wende Correctional facility in New York State, to receive legal documents through a visit from his mother, of course with the acknowledgement of the security measures that would undoubtibly ensue. Defendant Captain Donald Lockwood denied said request.

48) On April 19th, 2022, in respects to said grievance about the restricted commissary buy appeal, was denied by the C.O.R.C. .

49) On or about April 21st, 2022, Plaintiffs appeal to said grievance in respects to the incident occuring on or about Feburary 18th, 2022, was denied by the C.O.R.C. .

50.) For the duration of said events, Plaintiff was systematically forced to risk being seen by any of the defendants in this case, every time Plaintiff left his cell, in order to eat food from the mess hall, the only food available to him due to his consecutive restrictions especally since at all times there is at least one Sergeant and Lieutenant posted in the mega corridor which all must pass through to get to the mess hall.

51) At all times during plaintiff's encounters with defendants seperately, plaintiff behaved lawfully and ~~and~~ peacefully. Plaintiff never displayed any weapon, violence, aggression or threatened the safty and/or security of any person in any way.

52.) The supply public and discrimination techniques used by defendants against plaintiff was unjustified and objectively unreasonable under the circumstances.

53.) Defendants' use of Department of Corrections and Community Supervisions directive #4914 Grooming Standards to racially and aggressively oppress and harrass and discriminate [against] plaintiff and subsequently cause plaintiff mental and emotional anguish, depression, Anxiety, Post traumatic Stress triggering etc. ... was wrongful and harmful and damaging especially to plaintiff's dignity.

54.) Defendants use of their authority to systematically torture and retaliate against Plaintiff lasted for an excessive amount of time, was conducted unreasonably and was done without probable cause, reasonable suspicion or other legal right.

55.) At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton, and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to plaintiff's rights, done with actual malice, grossly negligent, negligent and objectively unreasonable

56.) As a direct and proximate result of each defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past, future and currently, among others:

a.) Wrongful and unlawful confinement

b) Racial profiling, race, sex, creed discrimination

c) Deprevation of Liberties and prison privilages

d) Humiliation

e) Pain and suffering; including emotional distress

f) Loss of wages and earning capacity

g) Violation of Constitutional rights State and Federal

h) Retaliation and harassment

i) All damages and penalties recoverable under 42 U.S.C.d. §§1983 and 1988, and as otherwise allowed under New York State and United States Statutes, Codes and common Law.

57.) Plaintiff filed a timely claim with defendant State of New York pursuant to 42 U.S.C.d., New York State CPLR §217-a.

### First Cause of Action
(Against Defendants sergeants Terrance McCann and Stephen Kokotajlo)
(Violation of 42 U.S.C.d. §1983)

58.) The allegations of each of the preceding paragraphs are realleged and incorporated here by reference.

59.) By the actions and omissions described above, defendants Sergeants Terrance McCann and Stephen Kokotajlo, violated 42 U.S.C.d. §1983, depriving Plaintiff of the following clearly established and well-settled

Constitutional rights contained in the first, Eighth, and Fourteenth Amendments to the U.S. Constitution:

(a) The right guaranteeing the freedoms of speech, religion, press and petition as secured by the First Amendment;

(b) The right prohibiting excessive bail, excessive fines, and cruel and unusual punishment as secured by the Eighth amendment

(c) The right to be free from racial profiling and racial discrimination as secured by the fourteenth Amendment;

(d) The right to equal protection of the laws as secured by the Fourteenth and the First and the Eighth amendments;

60.) As a direct and proximate result of defendants' acts and/or omissions, plaintiff sustained injuries and damages as set forth above in paragraph 56.

61.) Defendants subjected plaintiff to their wrongful conduct depriving plaintiff of rights described above knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safty of Plaintiff and others would be violated by their acts and/or omissions.

62.) The conduct of defendants entitles plaintiff to punitive damages and compensatory damages and penalties allowable under 42 U.S.C.A. §1983 and New York State Law.

(63.) Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C.A. §1988 and applicable New York State codes and law.

Wherefore, Plaintiff requests relief as set forth below.

## Second Cause of Action
(violation of 42 U.S.C.A. §1983)
(Against Defendants Robert O'Leary, Russell Fox, and Donald Lockwood)

(64.) The allegations of each of the preceding paragraphs are realleged and incorporated here by reference.

(65.) By the actions and omissions described above, defendants Robert O'Leary, Russell Fox and Donald Lockwood, violated 42 U.S.C.A. §1983, depriving Plaintiff of the following clearly established and well-settled Constitutional rights protected by the Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution:

(a) The right to be free from cruel and unusual punishment as secured by the Eighth and Fourteenth amendments;

(b) The right to be free from racial profiling and racial discrimination as secured by the Eighth and Fourteenth amendments;

(c) The right to due process of Law as secured by the fifth, Eighth and Fourteenth amendments;

(d) The right to equal protection of the Laws as secured by the Fourteenth, Fifth and Eighth amendments;

66.) As a direct and proximate result of defendants' acts and/or omissions, plaintiff sustained injuries and damages as set forth above in paragraph 56.

67.) Defendants subjected Plaintiff to their wrongful Conduct, depriving plaintiff of rights described above knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of plaintiff, and others would be violated by their acts and/or omissions.

68.) The Conduct of defendants entitles Plaintiff to punitive damages and Compensatory damages and penalties allowable under 42 U.S.C.d. §1983 and New York State Law.

69.) Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C.d. §1988 and applicable New York State codes and Law.

Wherefore, Plaintiff requests relief as set forth below.

Third Cause of Action
(Violation of 42 U.S.C.d. §1983,-Supervisory and political Agency and/or Subdivision and/or municipality Liability)
(Against Defendants State of New York, Donald Lockwood, Kevin J. Brown, Christopher Yehl, and Anthony Annucci; and Department of Corrections and Community Supervision)

70.) The allegations of each of the preceding paragraphs are realleged and incorporated here by reference.

71.) Plaintiff is informed and believes, and on the basis of such information and belief alleges, that the unconstitutional

actions ~~and/or commissions~~ by ~~all defendants~~ Terrence McCann and Stephen Kokotajlo, Donald Lockwood, Robert O'Leary, Russell Fox, Kevin S. Brown, Christopher Yehl, Anthony Annucci, as well as other officers employed by or acting on behalf of defendants State of New York and defendants ~~Department of~~ Department of Corrections, and Community Supervision ~~and/or~~ were pursuant to the following customs, pratices, policies, and/or procedures of the defendants Anthony Annucci and Christopher Yehl, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy-making officers for defendant State of New York and defendants ~~Department of~~ Department of Corrections and ~~Christopher Yehl~~ Community Supervision:

(a) To use or tolerate the use of cruel and unusual punishment;

(b) To use or tolerate the use of racial profiling and racial discrimination;

(c) To use or tolerate the use of violations of plaintiff's due process rights;

(d) To use or tolerate the use of retaliation and harassment;

(e) To engage in unreasonable seizures and/or tolerate unreasonable seizures;

(f.) To engage in or tolerate differential treatment when filing, deliberating and administering disciplinary measures [for] relating to misbehavior reports, requests and prison programs/jobs;

based on a persons pace;

(9.) To fail to institute, require and enforce proper and adequate training, supervision, policies and procedures Concerning Seizures, hair lengths and styles, race based directives, race based codes and rules, hair length and styles codes and rules and regulations;

(h) To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures and pratices concerning racial profiling and racial discrimination;

(i) To fail to institute, require, and enforce proper and adequate training, supervision, pratices, policies and procedures Concerning harassment and retaliation;

(j) To fail to institute, require, and enforce proper and adequate training, supervision, pratices, policies and procedures concerning misbehavior reports, disciplinary hearings, disciplinary dispositions, requests and prison programs/jobs; and Libertys;

(K) To cover-up violations of Constitutional rights by any or all of the following:

(i) By failing to properly investigate and/or evaluate complaints or incidents of unlawful seizures, use of force, racial profiling, racial discrimination, harassment, retaliation, misbehavior

reports, disciplinary hearings, Grievances, Codes, rules, and regulations;

(ii) By ignoring and/or failing to properly and **adequately** investigate and discipline unconstitutional or unlawful officer activity or administrator activity; and

(iii) By allowing, tolerating. and/or encouraging Correctional officers, Sergeants, Lieutenants, Captains, Deputy/s of security Superintendents, Superintendents, acting Commissioners, hearing Officers to: fail to file complete and accurate corrections reports (i.e. misbehavior reports, etc...); file false correctional reports (i.e. misbehavior reports, etc...); make false Statements; intimidate; retaliate; harass; discriminate against; bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' Stories; and/or punish; and/or obstruct or interfere with investigations of unconstitutional or unlawful Officer, sergeant, Lieutenant, Captain. Deputy of security superintendent, super-intendent, hearing officer, Acting commissions commisioner Conduct, by witholding and/or concealing material information.

(L) To allow, tolerate, and/or encouraging corrections officers, Sergeants, Lieutenants, Captains, ø Dep.Sup. of security, superintendents, and Acting Commissioners to: fail to file complete and accurate Department of Corrections and community supervision reports.

(m) To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and Department of Corrections and Community Supervision personnel, by which an officer or member of the

department does not provide adverse information against a fellow officer or member of the department or hold another member accountable for official misconduct; and

(h) To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct, including claims made under § 40-c, § 50-e, § 296, § 40-c, § 83, § 41, § 51, § 1981, § 12203, § 235-d, § 8, § 637, Article 1812, Article 186;

72) Defendants State of New York, the Department of Corrections and Community Supervision failed to hire, train, instruct, monitor, supervise, evaluate, investigate and discipline defendants Terrance McCann, Stephen Kokotajlo, Donald Lockwood, Robert O'Leary, Russell Fox, Kevin J. Brown, Christopher Yehl and Anthony Annucci, and other law enforcement personnel, with deliberate indifference to plaintiff's Constitutional rights, which were thus violated as described above.

73) The unconstitutional actions and/or omissions of defendants Terrance McCann, Stephen Kokotajlo, and other law enforcement personnel as described above, were approved, tolerated, and/or ratified by policy-making officers for the Department of Corrections and Community Supervision. Plaintiff is informed and believes, and on the basis of such belief and information alleges, that the details of this of this incident have been revealed to the authorized policy makers within defendant State of New York and the Department of Corrections and Community Supervision, and that such policy-makers ~~within defendant~~ ~~State of New York~~ have direct knowledge of the facts of this incident. Notwithstanding this knowledge, the authorized policy-makers within defendant State of New York and the Department of Corrections and Community Supervision have approved ~~the~~ of the conduct of defendants Terrance McCann, a Stephen Kokotajlo.

and other defendants and other department personnel, and have made a deliberate choice to endorse the decisions of those defendant officers, sergeants, Lieutenants, captain, Dep. Sup. of Security, Superintendent, and the basis for those decisions. By doing so, the authorized policy-makers within defendant State of New York and the Department of Corrections and Community Supervision have shown affirmative agreement with the individual defendant officers', sergeants, Lieutenants, Captain, & Dep. Sup. of Security, Superintendent, acting commissioners' actions, and have ratified the unconstitutional acts of the individual defendant officers, sergeants, Lieutenants, Captain, Dep. Sup. of Security, Superintendent, and acting Commissioner.

74.) The above-mentioned Customs, policies, pratices and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification, and toleration, of wrongful conduct of defendants State of New York, the Department of Corrections and Community Supervision, and Terrance McCann, Stephen Kokotajlo, Russell Fox, Donald Lockwood, Robert O'Leary, Christopher Yehl, and Anthony Annucci, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 U.S.C.A. § 1983, as more fully set forth above. (And also Kevin S. Brown)

75.) Defendants subjected plaintiff to their wrongful conduct, depriving plaintiff of rights described in this complaint, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of plaintiff and others would

76.) As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, ~~practices~~ practices and procedures of defendants State of New York, the Department of Corrections and Community Supervision and defendants Terrance McCann, Stephen Kokotajlo, Russell Fox, Robert O'Leary, Donald Lockwood, Christopher Yehl, and Anthony Annucci and Kevin J. Brown, as described above, plaintiff sustained serious injury and is entitled to damages, penalties, costs, and attorney's fees as set forth above, and punitive damages against defendants Terrance McCann, Stephen Kokotajlo, Russell Fox, Robert O'Leary, Donald Lockwood, Kevin J. Brown, Christopher Yehl, and Anthony Annucci, in their individual capacities.

Wherefore, plaintiff requests relief as set forth below.

## Fourth ~~fourth~~ Cause of Action
### (Violation of State Civil Rights Law)
### (Against All Defendants)

77.) The allegations of each of the preceeding paragraphs are realleged and incorporated here by reference.

78.) By the actions and omissions described above, each defendant acting in concert/conspiracy as described above and below, violated Plaintiff's rights under $\S 11, \S 51, 88, \S 1981, \S 12203, 940c$. article 1 §6, article 1 §6, §12 $50-e, \S 296, \S 235-d, \S 3$ and the following clearly established rights under the United States Constitution and the New York State Constitution:

(a) The right to be free from racial profiling and racial discrimination as secured by the First, Fifth, Eighth and Fourteenth amendments; to the United States Constitution;

(b) The right to ... the freedoms of speech, religion, press and petition as secured by the First, Eighth and Fourteenth and Fifth amendments; to the United States Constitution;

(c) The right prohibiting excecessive bail, excessive fines, and cruel and unusual punishment as secured by the Fifth, Eighth and Fourteenth amendments; to the United States Constitution;

(d) The right to Equal protection of the Laws as secured by the Fourteenth, Fifth, First and Eighth amendments; to the United States Constitution;

(e) The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safty, happiness, and privacy, as secured by the New York State Constitution, §240; article 1, §6;

(f) The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth amendments to the United States Constitution;

(g) The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth amendments to the United States Constitution;

(h) The right to life, liberty, and property and not to be deprived of those without due process of law, as secured by the New York State Constitution, §240; article 1, §6; article 1, §12

(i) The right to be free from unlawful and unreasonable seizure of one's person as secured by the New York State Constitution, §8; article 1 §12;

(j) The right to be free from unreasonable or excessive force, as secured by the New York State Constitution, §8; Article 1 §12;

(k) The right to equal protection of the Law, as secured by the New York State Constitution, §11 and Article 1 §6;

(L) The right to due process of the Law, as secured by the New York State Constitution, ~~§6~~ Article 1 Subdivision 6;

(m) The right to protection from bodily restraint, harm, or personal insult, as secured by §51, article 1 §6; article 1 §12;

(n) The right to freedom of speech, religion, press and petition as Secured by the New York State Constitution, §240;

(o) The right to be free from excessive bail, excessive fines, and Cruel and unusual punishment as secured by the new York State Constitution, §11, article 1 §6;

79.) Defendants' violation of §40-c, §296, §98, §8, §1981 §1220, §11, §51, §235-d, §300.508 article 1 §6, article 1 §12, and plaintiff's Constitutional and Statutory rights was, in part, because of Plaintiff's race, ancestry, and/or national origin.

80.) As a direct result of defendants' violation of and plaintiff's rights under the United States and New York State Constitutions and Statutes, plaintiff sustained injuries and damages and is entitled to relief as set forth above, including all damages allowed by and New York State law, not limited to costs, attorney's fees, treble damages and civil penalties.

Wherefore, Plaintiff requests relief as set forth below.

FIFTH CAUSE OF ACTION
(negligence; personal Injuries)
(Against All Defendants)

81.) The allegations of each of the paragraphs set forth above are realleged and incorporated here by reference.

82.) At all times relevant to this action, each defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

83.) At all times, each defendant owed plaintiff the duty to act with reasonable care.

84.) These general duties of reasonable care and due care owed to plaintiff by all defendants include, but are not limited to, the following specific obligations:

(a) To refrain from using excessive and/or unreasonable force against Plaintiff;

(b) To refrain from wrongfully arresting and/or detaining and/or confining plaintiff and or restricting plaintiff's liberties;

(c) To refrain from abusing their authority granted them by law;

(d) To refrain from violating Plaintiff's rights guaranteed by the United States and New York State Constitutions, as set forth above, and as otherwise protected by law.

85.) Additionally, these general duties of reasonable care and due care owed to Plaintiff by defendants State of New York, the Department of Corrections and Community Supervision, Terrance McCann, Stephen Kokotajlo, Russell Fox, Robert O'Leary, Donald Lockwood, Kevin J. Brown,

Christopher ... are not limited to, the following specific obligations:

(a) To properly and adequately hire, investigate, train, supervise, monitor, and discipline their employees, agents', and/or Department of Corrections and Community Supervision members, employees, staff, officers, Sergeants, Lieutenants, Captains, Dep. Sup. of security, superintendents, Acting Commissioners, to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

(b) To make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including those of plaintiff; and

(c) To refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth above.

86.) Defendants, through their acts and omissions, breached each and every one of the above-mentioned duties owed to plaintiff.

87) As a direct and proximate result of defendant's negligence, plaintiff sustained injuries and damages, and is entitled to relief as set forth below.

Statement for additional Causes
Of action for intentional infliction
of emotional distress

88.) Defendants Terrance McCann and Stephen Kokotajlo targeted plaintiff especially Terrance McCann and did almost everything

they could strip plaintiff of his dignity and pride in his race, national origin, heretige, culture, and ancestry by constantly degrading him, spitting racial slurs and physically trying to rip plaintiff's ~~petetebeaaees~~ beard off of his face. Plaintiff ~~petetebeaaees~~ has lost his dignity and pride in himself, is now ashamed to be a black man with long hair. Plaintiff ~~petetebeaaees~~ was tortured for a natural occurance (ie. letting his hair grow) and all Plaintiff ~~petetebeaaees~~ could do is keep his hair maintained, well groomed and clean. Plaintiff ~~petetebeaaees~~ was even afraid to go to the ~~city~~ mess hall to eat (which he had to do in order to eat since he was consistantly on loss of commissary and packages, etc) because Plaintiff ~~petetebeaaees~~ knew that he would have to walk past at least one of the defendants and be subjected to whatever torture defendants decided to inflict upon Plaintiff ~~petetebeaaees~~ for that day. Plaintiff ~~petetebeaaees~~ had emotionally and physically shut down from the fear and torture inflicted and went mute for approximately 60 days, psycologically trying to cease to exist without actually killing himself although plaintiff considered such actions however his mother talked him out of it. Defendants intentionally inflicted emotional distress upon Plaintiff, when they did the things stated above.

To what extent do Black lives matter?

Wherefore, plaintiff respectfully request the following relief against each and every defendant, jointly, separately, and severally:

1.) Compensatory and exemplary damages in an amount according to proof and which is fair, just, and reasonable;

2.) Punitive damages under 42 U.S.C.A. §1983 and New York State Law against the individual defendants in an amount according to proof and which is fair, just, and reasonable;

3.) All other damages, penalties, costs, interest, and attorney's fees as allowed by 42 U.S.C.A. §§1983 and 1988, and as otherwise may be allowed by New York State and/or Federal Law;

4.) Injunctive relief directing (ordering) the State of New York and the Department of Corrections and Community Supervision to remove #4914 from their Directives;

5.) An order prohibiting defendants and their co-workers from unlawfully retaliating against Plaintiff for filing this lawsuit and from unlawfully interfering with the rights of Plaintiff and others to be free from racial profiling and racial discrimination and biases against plaintiff or others based on their race.

6.) An order prohibiting defendants and their co-workers from unlawfully interfering with the rights of plaintiff

And other to be free from unreasonable searches and seizures and excessive and unreasonable force;

7.) An order prohibiting defendants and their co-workers from engaging in the "Code of silence" as may be supported by the evidence in this case;

8.) An order requiring defendants to rescind any and all of their policies, practices, procedures, and/or customs allowing defendants and/or other Department of Corrections and Community Supervision employees/agents or otherwise, to engage in racial profiling and/or discrimination based on race, and retaliation and harassment;

9.) An order requiring defendants to institute and enforce appropriate and lawful policies and procedures prohibiting racial profiling, racial discrimination, harassment, and retaliation and the use of ~~bodies~~ excessive force;

10.) An order requiring defendants to reverse all three misbehavior reports in respects to the issues stated above, dismiss the misbehavior reports and related disciplinary dispositions therefrom and expunge them from Plaintiff's institutional record, and refund the five dollar surcharge for each misbehavior report and subsequent ~~hearing~~ disciplinary hearing guilty disposition;

11.) An order requiring defendants to train all Department of Corrections and Community Supervision employees concerning

racial profiling, racial discrimination, racial harassment, retaliation and oppressive systematic measures, and this Court's orders concerning the issues raised in injunctive relief requests 4 (four) through 10, above; and

12.) Such other and further relief as presented by the evidence in this case and as this court may deem just and appropriate.

Dated: November 21st, 2022

DeVonté Rashad Lee Moorer, Pro Se

Plaintiff

| NEW YORK STATE **Corrections and Community Supervision** | GRIEVANCE NO: 0007-22 | | DATE FILED |
|---|---|---|---|
| | GRIEVANT NAME: DeVonté Moorer | | DIN: 11B2591 |
| **INCARCERATED GRIEVANCE PROGRAM** | FACILITY: Wende Correctional | | HOUSING UNIT: A-4-17 |
| **COMPLAINT FORM** | PROGRAM: AM N/A   PM RMU porter | | DATE: Jan 1st, 2022 |

### *(This form must be filed within 21 calendar days of grievance incident*)*

Description of Problem: (Please make as brief as possible and print legibly)

On or about Nov. 8th Sgt. McCann beligerently screamed at me telling me that I better cut my beard before he "throws my monkey ass in the box. On or about Nov. 30th sgt. McCann, again singled me out and began screaming obsenities and ~~threat~~ threats at me because I had not cut my beard. On or about Dec. 22nd sgt. McCann for the third time singled me out had me searched (pat frisked) and again screamed obsenities and threats at me. According to The Crown Law (signed July 2019) in new york state it is illegal to oppress and discriminate against me because of my hair. I fear ~~beneficially~~ that I am ~~up~~ going to be set-up by sgt. McCann or his officers.

Grievant Signature: _DeVonté M._

Grievance Clerk Signature: _____   Date: _____

Advisor Requested:  ☐ YES  ☒ NO   Who: _____

Action Requested by Grievant:

• Directive 2914 be removed as it is arbitrary and capritious, and against the law.
• Investigate the harrassment, discrimination against hair by sgt. McCann.
• Prepare announcement to be given at rollcall strictly prohibiting any and every C.O., Sgt, Lt, and captain from ~~retaliating against me~~ retaliating against me in any way. I would also like for sgt. McCann to take ~~anger~~ management classes.

This Complaint Has Been Resolved as Follows:

_____
_____
_____

Informal Resolution Accepted: (To be completed only if resolved prior to hearing)

Grievant Signature: _____   Date: _____

Witness Signature: _____   Date: _____

*If unresolved, you are entitled to a hearing by the Incarcerated Grievance Resolution Committee (IGR*
*An exception to the time limit may be requested under Directive #4040, § 701.6 (g).*

FORM 2131 (12/21)

RECEIVED
CAPTAIN'S OFFICE
JAN 0 3 2022
WENDE CORRECTIONAL FACILITY

| NEW YORK STATE **Corrections and Community Supervision**<br><br>**INMATE GRIEVANCE PROGRAM**<br><br>**SUPERINTENDENT** | Grievance No.<br>**WDE-0007-22** | Date Filed<br>**1/4/22** | |
|---|---|---|---|
| | Facility<br>**Wende** | | Policy Designation<br>**Institutional** |
| | Title of Grievance<br>**Harassment** | | Class Code<br>**#49** |
| | Superintendent's Signature | | Date<br>1/13/22 |
| Grievant<br>**Moorer, D.** | DIN<br>**11B2591** | | Housing Unit<br>**A-4-17** |

This grievance has been investigated by a Security Supervisor and includes an interview with the grievant.

During the interview, the grievant stated that they had nothing further to add to their written grievance and they had no witnesses.

The investigating supervisor interviewed the staff member mentioned in the grievance and they denied all allegations made by incarcerated individual Moorer. The staff member provided a written memorandum denying I/I Moorer's allegations.

The Reviewer finds this grievance to be without merit.

The evidence provided to this Reviewer does not substantiate a grievance of harassment by staff.

1/18/22

---

### APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal. Please state why you are appealing this decision to C.O.R.C.

_____

_____

_____

Grievant's Signature                                           Date

_____



**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## MEMORANDUM

From:      Rachael Seguin, Acting Director, Incarcerated Grievance Program

SUBJ:      Receipt of Appeal

Date:       3/3/2022

D MOORER  11B2591
Wende Correctional Facility
Your grievance WDE-0007-22 entitled
Harassment/Threats By Sgt.
was rec'd by CORC on 2/9/2022

**A disposition will be sent to you after the grievance is reviewed by CORC**

---

MOORER, D (11B2591)                    Eastern

| | Grievance Number<br>WDE-0007-22 | Desig /Code<br>I/49 | Date Filed<br>01/04/22 |
|---|---|---|---|
| NEW YORK STATE Corrections and Community Supervision | Associated Cases | | Hearing Date<br>08/04/22 |
| KATHY HOCHUL    ANTHONY J. ANNUCCI<br>Governor          Acting Commissioner | Facility<br>Wende Correctional Facility | | |
| INCARCERATED GRIEVANCE PROGRAM<br>CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance<br>Harassment/Threats by Sgt. | | |

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied. CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that Sergeant M... denies harassing, threatening or discriminating against the grievant or using racial slurs, and states that the grievant was given three direct orders to bring their braided beard into compliance with Department policy but they failed to do so. It is noted that the grievant was issued a Tier II MBR on 12/22/21 for disobeying a direct order, which was affirmed upon appeal by DSS B... on 1/6/22. CORC asserts that, in accordance with Directive #4914, beards may not exceed one inch in length unless the incarcerated individual has an exemption or Court Order and that patterns, designs or braids in beards is not allowed. CORC notes for clarification that the CROWN Act does not apply to incarcerated individuals in DOCCS custody. CORC asserts that an employee's appropriate performance of their duties and enforcement of the rules and regulations should not be construed as harassment, and finds insufficient evidence to substantiate discrimination or malfeasance by staff.

CORC notes that the grievance program is not intended to support an adversary process and that no reprisals of any kind shall be taken against an incarcerated individual or employee for good faith utilization of this grievance procedure. An incarcerated individual may pursue a complaint that a reprisal occurred through the grievance mechanism.

With respect to the grievant's appeal, CORC has not been presented with any compelling reason to revise Directive #4914 at this time and advises the grievant to follow staff direction in order to avoid similar difficulties in the future. It is noted that the grievant has since been transferred.

MPS/ras
------------------------------------------------------------------------------------------
------------------------------------------------------------------------------------------

This document has been electronically signed by Annemarie McGrath

FORM 2131E (9/12)    STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## INMATE GRIEVANCE COMPLAINT

*(handwritten in margin: H7 wants Beard Length Change)*

Grievance No.

WDE- OU62 -22

_____Wende_____ CORRECTIONAL FACILITY

Date: Jan. 25 2022

Name: DeVonté Moorer    Dept. No.: 11B2591    Housing Unit: A-5-04

Program: none    AM    none    PM

**(Please Print or Type – This form must be filed within 21 calendar days of Grievance Incident)\***

Description of Problem: (Please make as brief as possible) That on or about Jan. 5th 2022 at
approx: 12:00 while on the way to a visit captin Lockwood and a sgt. stopped
me and captin Lockwood threatened that I would never have another visit in this
jail again if "I "still have that shit on my face by this time tomorrow" and that he would
call the block to tell the C.O's not to let me out of the cell. On Jan. 19th sgt.
McCann approached me in the RMU where I was working and again
began screaming and threatning me because I had not cut my beard. →continued

Grievant
Signature: DeVonté M.

Grievant Clerk: _____    Date: _____

Advisor Requested  ☐ YES  ☐ NO    Who: _____

Action requested by inmate: Revise/Remove directive #4914 so that it may
fall into accordance with the superceeding Law "Crown Act".

The Grievance has been formally resolved as follows:

_____

_____

_____

_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant
Signature: _____    Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).
\* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

Continued

Sgt. McCann's use of racial slurs and posturing techniques are causing me stress and undue hardship.

On Jan. 20th, 2022 while working in the RMU I was suddenly escorted back to the cell that I reside in and hours later was subliminally told that the captin permanently removed (fired) me from the RMU porter position because I hadn't cut my beard. I was also denied recreation.

~~Also on Jan 2022 I am again~~

On or about Jan 23th 2020 I was relocated to another cell. and now on Jan 25th, 2020 I am again being relocated. I am being subjected to severe harassment. ~~They~~ Because of my beard Discriminated against because of my beard. ~~My co~~ My ~~co~~ state and federal constitutional rights are being violated. Directive #4914 is in violation of the "Crown Act" Law and is being used to discriminate against me and oppress me because I refuse to cut my beard/hair.

Dwight M.

Inmate

Grievance

Complaint

FORM 2131E (REVERSE) (REV. 6/06)    WDE-0062-22    1/28/22

**Response of IGRC:**    Per investigation it is reported by D. Lockwood Capt.
that upon direct order from T. McCann Sgt., the grievant was informed
to trim beard in compliance with Dir. 4914. The Crown Act is not
included in Dir. 4914.

Grievance denied.

Date Returned to Inmate _____    IGRC Members _____

Chairperson _____                            _____

                                                        _____

Return within 7 calendar days and check appropriate boxes.*

[✓] I disagree with IGRC response and wish to          [ ] I have reviewed deadlocked responses.
    appeal to the Superintendent.                          Pass-Thru to Superintendent

[ ] I agree with the IGRC response and wish to         [ ] I apply to the IGP Supervisor for
    appeal to the Superintendent.                          review of dismissal

Signed _____                    _____
              Grievant                              Date

          _____                    _____
          Grievance Clerk's Receipt                 Date

---

*To be completed by Grievance Clerk.*

Grievance Appealed to the Superintendent _____
                                              Date

Grievance forwarded to the Superintendent for action _____
                                                            Date

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

| NEW YORK STATE Corrections and Community Supervision | GRIEVANCE NO. WDE-0062-22 | | DATE FILED 1/28/2022 |
|---|---|---|---|
| | FACILITY Wende Correctional Facility | | POLICY DESIGNATION |
| INCARCERATED GRIEVANCE PROGRAM | TITLE OF GRIEVANCE Wants Beard Length Changed | | CASE CODE 47 |
| SUPERINTENDENT RESPONSE | SUPERINTENDENT'S SIGNATURE | | DATE 2/8/22 |
| GRIEVANT Moorer, Devonte | | DIN 11B2591 | HOUSING UNIT D 20-3 |

This reviewer agrees with the IGRC recommendation for the following reasons:

Grievant indicates that on January 5, 2022 and January 19, 2022, grievant was stopped by staff and advised that his beard length was inappropriate and needed to be trimmed.  Grievant indicates that on January 20, 2022 he was removed from his porter job because he had not cut his beard.  He also had his cell moved on two different occasions.  The grievant wants Directive 4914 revised or removed so that it falls into accordance with the Crown Act.

Per investigation, Captain L. reports that the facility follows Directive 4914 which states beard length is to be kept to 1 inch.  Grievant's beard is almost 7 inches in length and is braided.  This goes against the Directive.  Nothing can be done at the facility level to modify the Directive.  Grievant's removal from the RMU was for security purposes, as was his cell move.

This grievance appeal is denied.

---

**APPEAL STATEMENT**

If you wish to appeal the above decision of the Superintendent, please sign below and return this copy to the IGRC at the facility where the grievance was filed. You have seven (7) calendar days from receipt of this notice to file your appeal.*  Please provide a reason why you are appealing this decision to CORC.

| | |
|---|---|
| GRIEVANT'S SIGNATURE | DATE |
| GRIEVANCE CLERK'S SIGNATURE | DATE |

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)

Form 2133 (12/21)



**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## MEMORANDUM

From:      Rachael Seguin, Acting Director, Incarcerated Grievance Program

SUBJ:     Receipt of Appeal

Date:      3/3/2022

D MOORER  11B2591
Wende Correctional Facility
Your grievance WDE-0062-22 entitled
Threatened By Sergeant & Captain For Beard
Length/Revise Directive #4914
was rec'd by CORC on 2/16/2022

**A disposition will be sent to you after the grievance is reviewed by CORC**

| NEW YORK STATE **Corrections and Community Supervision** | GRIEVANCE NO. WDE-0062-22 | | DATE FILED 2/24/2022 |
|---|---|---|---|
| | FACILITY Wende Correctional Facility | | POLICY DESIGNATION |
| **INCARCERATED GRIEVANCE PROGRAM** | TITLE OF GRIEVANCE Restricted Buy | | CASE CODE 35 |
| **SUPERINTENDENT RESPONSE** | SUPERINTENDENT'S SIGNATURE | | DATE 3/17/22 |
| GRIEVANT Moorer, Devonte | DIN 11B2591 | | HOUSING UNIT D 20-3 |

This reviewer disagrees with the IGRC recommendation for the following reasons:

Grievant indicates that on February 1, 2022 grievant was party to a disciplinary hearing and received 20 days loss of commissary. Grievant was released from restrictions on 2/21/22, however, he was in receipt of a restricted buy sheet. As such, grievant was not able to purchase his requested items. Grievant wants this issue rectified and he would like a make up buy.

Per investigation, OA 3 L. reports that the grievant was sent a restricted buy sheet on 2/18/22 in error, however, the buy was not until 2/23/22. At no time did the grievant contact the Commissary directly to request a regular buy sheet. Had the grievant done so, the sheet would have been provided. Grievant is reminded that pursuant to Directive 4040, grievant should attempt to rectify any issue with the area in question prior to filing a grievance. It is noted that grievant had a full buy on 3/9/22.

This grievance appeal is denied.

3/18/22

---

**APPEAL STATEMENT**

If you wish to appeal the above decision of the Superintendent, please sign below and return this copy to the IGRC at the facility where the grievance was filed. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please provide a reason why you are appealing this decision to CORC.

| | | |
|---|---|---|
| GRIEVANT'S SIGNATURE | | DATE |
| GRIEVANCE CLERK'S SIGNATURE | | DATE |

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)

Form 2133 (12/21)

*MOORER, D (11B2591)*          *Eastern*

| | Grievance Number | Desig./Code | Date Filed |
|---|---|---|---|
| NEW YORK STATE Corrections and Community Supervision | WDE-0062-22 | D/49 | 01/28/22 |
| | Associated Cases | | Hearing Date |
| KATHY HOCHUL    ANTHONY J. ANNUCCI | | | 08/04/22 |
| Governor    Acting Commissioner | Facility Wende Correctional Facility | | |
| INCARCERATED GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Threatened by Sgt. & Capt. For Beard Length/Revise Directive #4914 | | |

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED WITH CLARIFICATION

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied with clarification. CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that Captain L... denies harassing or threatening the grievant on 1/5/22, and Sergeant M... denies threatening the grievant, using racial slurs or being unprofessional on 1/19/22. It is noted that the grievant has been given multiple direct orders to bring their braided beard into compliance with Department policy but they continually fail to do so. It is noted that the grievant was issued Tier II MBRs on 12/22/21 and 1/26/22 for disobeying direct orders regarding their continued non-compliance with the grooming standards, which were affirmed upon appeal by DSS B... on 1/6/22 and 2/8/22, respectively. CORC asserts that, in accordance with Directive #4914, beards may not exceed one inch in length unless the incarcerated individual has an exemption or Court Order, and that patterns, designs or braids in beards is not allowed. CORC notes that the grievant does not have an exemption or Court Order for their beard. Further, for clarification, CORC asserts that the CROWN Act does not apply to incarcerated individuals in DOCCS custody. CORC also asserts that an employee's appropriate performance of their duties and enforcement of the rules and regulations should not be construed as harassment, and finds insufficient evidence to substantiate a violation of their rights or malfeasance by staff.

CORC notes that the grievant was removed from their RMU porter assignment for security reasons after they were found to be making phone calls in the RMU during work hours. In addition, CORC upholds the discretion of the facility administration to determine an incarcerated individual's housing location within the facility.

With respect to the grievant's appeal, CORC has not been presented with any compelling reason to revise Directive #4914 at this time and advises the grievant to follow staff direction in order to avoid similar difficulties in the future. It is noted that the grievant has since been transferred.

MPS/ras

----------------------------------------------------------------------------------------------------------
----------------------------------------------------------------------------------------------------------

This document has been electronically signed by Annemarie McGrath

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
## INMATE GRIEVANCE COMPLAINT

Grievance No. WDE - 3107 -22

__Wende__ CORRECTIONAL FACILITY

Date: _Feb. 18th 2022_

Name: _DeVonté Moorer_  Dept. No.: _1132591_  Housing Unit: _D-20-03s_

Program: _None_  AM _None_  PM

**(Please Print or Type – This form must be filed within 21 calendar days of Grievance Incident)***

Description of Problem: (Please make as brief as possible) _____

_See Attached Paper!_

Grievant Signature: _DeVonté M._

Grievance Clerk: _____  Date: _____

Advisor Requested ☐ YES ☐ NO  Who: _____

Action requested by inmate: _Directive #4914 be revised to adhear to "Crown Act" Law. Authors of Misbehavior reports be re-trained to adhear to "Crown Act" Law. Measures taken to prevent racial discrimination against hair._

The Grievance has been formally resolved as follows:

_____

_____

_____

_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant Signature: _____  Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).

* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

WDE- 0107-22

## Inmate Grievance
## Complaint

Description of Problem:                    Feb. 18ᵗʰ, 2022
(Attached Paper)

On Feb. 17ᵗʰ, 2022 at approx. 8:10 am, while walki-
to the mess hall, I saw Sgt. McCann who had
been intensely starring at me and posturing
at me as I inevitably got closer to get to the
mess hall. At which point I heard Sgt. McCann
scoff "fucking nigger", and then lean over to
wisper into the ear of one of his constituants,
however those words I could not hear.
    Then approx. 20 min. later, while exiting the mess
hall, I noticed that Sgt. McCann was no longer
in the mega corridor.
    On Feb. 18ᵗʰ, 2022 I received a third misbehavior
report about my beard, however this time the autho-
of this report goes by the name Sgt. Kokotajlo,
who described the incident as if he had been involved
from the time I had received my first misbehavior repor.
Which he was not. Sgt Kokotajlo has never interacted
with me at any time, has never asked for my I.D.
and has never written me a misbehavior report yet
he automatically knew my name, DIN# and Cell locatio
and the history of the previous incidents between
Sgt. McCann and myself. This is evidence that
                    pg 1 of 2

WDE- 0107-22

Sgt. McCann surreptitiously authored the misbehavior report vicariously and through his constituant Sgt. Kokotajlo. This is because my two recent grievances were about Sgt. McCann and his discriminatory, harassment/Oppressive techniques affected upon myself. This is retaliation and will continue to occur unless Directive #4914 is revised to adhear to the "Crown Act" signed into Law in New York State in July, 2019 effectively prohibiting the discrimination against African American hair Styles and grooming standards.

Also, when I wrote and submitted my last recent grievance about this same issue I was not given the the oppertunity to appear at the grievance hearing to present a reasonable defense effectively denying me my right to due process and subsequently suppressing my argument. And thereinafter attempting to effect my right to gain access to the courts in the near future with these Same issues. Sgt. McCann is the grievance Sgt.

I certify that these statments are true and exact.

DeVonté Moorer

DIN# 11B2591

pg. 2 of 2

STATE OF NEW YORK
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

TO:        **MOORER, D (11B2591)**          D 20-03
FROM:      **IGRC**
DATE:      **FEBRUARY 22, 2022**
RE:        **CODE 49 – WDE-0107-22**

YOUR GRIEVANCE WAS RECEIVED AND SENT DIRECTLY TO THE SUPERINTENDENT.
THEREFORE, YOU WILL NOT RECEIVE AN IGRC HEARING ON THESE MATTERS.
THE SUPERINTENDENT HAS 25 DAYS FROM THE LOG DATE TO RESPOND.

| NEW YORK STATE **Corrections and Community Supervision** | Grievance No. **WDE-0107-22** | | Date Filed **2/18/22** |
|---|---|---|---|
| | Facility **Wende** | | Policy Designation **Institutional** |
| **INMATE GRIEVANCE PROGRAM** **SUPERINTENDENT** | Title of Grievance **Harassment** | | Class Code **#49** |
| | Superintendent's Signature | | Date 3/4/22 |
| Grievant **Moorer, D.** | DIN **11B2591** | | Housing Unit **D-20-03** |

This grievance has been investigated by a Security Supervisor and includes an interview with the grievant.

During the interview, the grievant stated that they had nothing further to add to their written grievance and they had no witnesses they could identify.

The investigating supervisor interviewed the staff members mentioned in the grievance and they denied all allegations made by the incarcerated individual. The staff members provided a written memorandum denying the grievant's allegations.

The grievant has been issued three misbehavior reports for failing to follow Departmental Directive and has continued his defiance to the rules and continues to refuse to come into grooming compliance.

The evidence provided to this Reviewer does not substantiate a grievance of harassment by staff.

3/8/22

## APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal. Please state why you are appealing this decision to C.O.R.C.

_____

_____

_____

| Grievant's Signature | Date |
|---|---|

| Grievance Clerk's Signature | Date |
|---|---|

 **Corrections and Community Supervision**

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## MEMORANDUM

From:       Rachael Seguin, Acting Director, Incarcerated Grievance Program

SUBJ:       Receipt of Appeal

Date:       3/30/2022

D MOORER  11B2591
Wende Correctional Facility
Your grievance WDE-0107-22 entitled
Called Racial Names By Sergeant
was rec'd by CORC on 3/14/2022

**A disposition will be sent to you after the grievance is reviewed by CORC**

Moorer, D (1182591)                                    Eastern

| | Grievance Number<br>WDE-0107-22 | Desig./Code<br>I/49 | Date Filed<br>02/18/22 |
|---|---|---|---|
| NEW YORK STATE Corrections and Community Supervision | Associated Cases | | Hearing Date<br>04/21/22 |
| KATHY HOCHUL        ANTHONY J. ANNUCCI | Facility<br>Wende Correctional Facility | | |
| INCARCERATED GRIEVANCE PROGRAM<br>CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance<br>Called Racial Names By Sergeant | | |

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied. CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that Sergeant M... denies threatening, harassing, or using derogatory language towards the grievant, or writing misbehavior reports for other staff. Sergeant K... states that they approached the grievant during the meal run regarding their beard being out of compliance and denies that Sergeant M... provided assistance in the writing of the misbehavior report that was issued to the grievant on 2/17/22. It is noted that the grievant was subsequently issued a Tier II misbehavior report (MBR) for refusing a direct order and violating a hearing disposition, which was affirmed upon appeal by Superintendent B... on 3/7/22. CORC advises the grievant that in accordance with Directive #4914 beards may not exceed one inch unless they have an exemption or a court order. In addition, Directive #4914 makes no provision for allowing twists, dreadlocks or braids in beards. CORC notes for clarification that the Crown Act referenced by the grievant is applicable to hairstyles, not facial hair. CORC asserts that an employee's appropriate performance of their duties and enforcement of the rules and regulations should not be construed as harassment by the grievant.

CORC notes that the grievance program is not intended to support an adversary process and that no reprisals of any kind shall be taken against an incarcerated individual or employee for good faith utilization of this grievance procedure. An incarcerated individual may pursue a complaint that a reprisal occurred through the grievance mechanism.

With respect to the grievant's appeal, CORC has not been presented with any compelling reason to revise Directive #4914 at this time and finds insufficient evidence to substantiate discrimination, or malfeasance by staff. CORC advises the grievant to follow staff direction in order to avoid similar difficulties in the future.

MXV/

----------------------------------------------------------------------------------------------------
----------------------------------------------------------------------------------------------------

This document has been electronically signed by Annemarie McGrath

FORM 2131E (9/12)        STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## INMATE GRIEVANCE COMPLAINT

(circled handwritten note top left) 35 / Restricted Buy

Grievance No. WDE- 0111 -22

_Wende_ _____ CORRECTIONAL FACILITY

Date: _Feb. 23rd, 2022_

Name: _DeVonté Moorer_    Dept. No.: _1182591_    Housing Unit: _D-20-03s_

Program: _None_    AM    _None_    PM

**(Please Print or Type – This form must be filed within 21 calendar days of Grievance Incident)***

Description of Problem: (Please make as brief as possible) _On Feb. 1st, 2022 I was found guilty at a Disciplinary hearing and received 20 days loss of commissary, recreation and Packages. I was released from those restrictions on Feb. 21st, 2022. On Feb. 23rd, 2022 I was forced to purchase only from the restricted buy sheet in respect to commissary. This is arbitrary and capricious as well as a violation of my State and federal due process rights to be free from cruel and unusual punishment and a violation of my right to due process. This is ongoing retaliation._

Grievant Signature: _DeVonté M._

Grievance Clerk: _____    Date: _____

Advisor Requested    ☐ YES    ☐ NO    Who: _____

Action requested by inmate: _Strict measures are implemented to prevent any and all further retaliation and violations of my rights. Also that my Commissary sheets be printed the day before my scheduled commissary buy day. Also that I be allowed to make an additional/actual/unrestricted commissary_

The Grievance has been formally resolved as follows: _buy in the month of march._

_____

_____

_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant
Signature: _____    Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).
* An exception to the time limit may be requested under Directive #4040, section 701.6(g).



**NEW YORK STATE** | **Corrections and Community Supervision**

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

**MEMORANDUM**

From:     Rachael Seguin, Director, Incarcerated Grievance Program

SUBJ:     Receipt of Appeal

Date:      4/28/2022

D MOORER  11B2591
Wende Correctional Facility
Your grievance WDE-0111-22 entitled
Restricted Buy After Sanctions Completed
was rec'd by CORC on 4/1/2022

**A disposition will be sent to you after the grievance is reviewed by CORC**

Moorer, D (11B2591)                                         Eastern

| | Grievance Number WDE-0111-22 | Desig./Code I/35 | Date Filed 02/24/22 |
|---|---|---|---|
| NEW YORK STATE Corrections and Community Supervision | Associated Cases | | Hearing Date 05/19/22 |
| KATHY HOCHUL Governor     ANTHONY J. ANNUCCI Acting Commissioner | Facility Wende Correctional Facility | | |
| INCARCERATED GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Restricted Buy After Sanctions Completed | | |

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied.

CORC notes that the grievant was serving loss of commissary sanctions at the time that the buy sheets were printed and placed in the D block mailbag on 2/18/22. It is noted that the grievant received a restricted buy sheet and had the opportunity to address the error with commissary staff prior to the scheduled buy date of 2/23/22 but did not do so. CORC notes that the grievant is not entitled to a make-up buy and finds no malice by staff.

CORC notes that no reprisals of any kind shall be taken against an incarcerated individual or employee for good faith utilization of the grievance procedure. An incarcerated individual may pursue a complaint that a reprisal occurred through the grievance mechanism.

CORC has not been presented with any compelling reason to revise present commissary procedures and advises the grievant to address further similar concerns to commissary staff, at that time, for the most expeditious means of resolution.

MXV/

------------------------------------------------------------------------------------
------------------------------------------------------------------------------------

This document has been electronically signed by Annemarie McGrath

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840 (7/2012)

| | For Court Clerk Use Only: |
|---|---|
| _____ COURT, COUNTY OF_____ | IAS Entry Date |
| Index No: _____ Date Index Issued: ___/___/___ | |
| | Judge Assigned |
| **CAPTION:** Enter the complete case caption. Do not use et al or et ano. If more space is required, attach a caption rider sheet. | RJI Date |

Plaintiff(s)/Petitioner(s)

-against-

Defendant(s)/Respondent(s)

## NATURE OF ACTION OR PROCEEDING:    Check ONE box only and specify where indicated.

**MATRIMONIAL**
- ☐ Contested
  - **NOTE:** For all Matrimonial actions where the parties have children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum**. For Uncontested Matrimonial actions, use RJI form UD-13.

**TORTS**
- ☐ Asbestos
- ☐ Breast Implant
- ☐ Environmental:_____
  (specify)
- ☐ Medical, Dental, or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability:_____
  (specify)
- ☐ Other Negligence:_____
  (specify)
- ☐ Other Professional Malpractice:_____
  (specify)
- ☐ Other Tort:_____
  (specify)

**OTHER MATTERS**
- ☐ Certificate of Incorporation/Dissolution    [see NOTE under Commercial]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other:_____
  (specify)

**COMMERCIAL**
- ☐ Business Entity (including corporations, partnerships, LLCs, etc.)
- ☐ Contract
- ☐ Insurance (where insurer is a party, except arbitration)
- ☐ UCC (including sales, negotiable instruments)
- ☐ Other Commercial:_____
  (specify)
  - **NOTE:** For Commercial Division assignment requests [22 NYCRR § 202.70(d)], complete and attach the **COMMERCIAL DIV RJI Addendum**.

**REAL PROPERTY:**    How many properties does the application include? _____
- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify):    ☐ Residential    ☐ Commercial
  Property Address:_____
  - **NOTE:** For Mortgage Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the **FORECLOSURE RJI Addendum**.
- ☐ Tax Certiorari - Section: _____ Block: _____ Lot: _____
- ☐ Tax Foreclosure
- ☐ Other Real Property:_____
  (specify)

**SPECIAL PROCEEDINGS**
- ☐ CPLR Article 75 (Arbitration)    [see NOTE under Commercial]
- ☐ CPLR Article 78 (Body or Officer)
- ☐ Election Law
- ☐ MHL Article 9.60 (Kendra's Law)
- ☐ MHL Article 10 (Sex Offender Confinement-Initial)
- ☐ MHL Article 10 (Sex Offender Confinement-Review)
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene:_____
  (specify)
- ☐ Other Special Proceeding:_____

## STATUS OF ACTION OR PROCEEDING:    Answer YES or NO for EVERY question AND enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | ☐ | ☐ | If yes, date filed: ___/___/___ |
| Has a summons and complaint or summons w/notice been served? | ☐ | ☐ | If yes, date served: ___/___/___ |
| Is this action/proceeding being filed post-judgment? | ☐ | ☐ | If yes, judgment date: ___/___/___ |

**NATURE OF JUDICIAL INTERVENTION:** Check ONE box only AND enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Note of Issue and/or Certificate of Readiness
- ☐ Notice of Medical, Dental, or Podiatric Malpractice     Date Issue Joined: _____ / _____ / _____
- ☐ Notice of Motion               Relief Sought: _____     Return Date: _____ / _____ / _____
- ☐ Notice of Petition              Relief Sought: _____     Return Date: _____ / _____ / _____
- ☐ Order to Show Cause         Relief Sought: _____     Return Date: _____ / _____ / _____
- ☐ Other Ex Parte Application   Relief Sought: _____
- ☐ Poor Person Application
- ☐ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Writ of Habeas Corpus
- ☐ Other  (specify): _____

**RELATED CASES:**     List any related actions.  For Matrimonial actions, include any related criminal and/or Family Court cases.
If additional space is required, complete and attach the **RJI Addendum.**  If none, leave blank.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**PARTIES:**     For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in space provided.
If additional space is required, complete and attach the **RJI Addendum.**

| Un-Rep | Parties:<br>List parties in caption order and indicate party role(s) (e.g. defendant; 3rd-party plaintiff). | Attorneys and/or Unrepresented Litigants:<br>Provide attorney name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case.  For unrepresented litigants, provide address, phone number and e-mail address. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| ☐ | Name:<br><br>Role(s): |  | ☐ YES<br><br>☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES<br><br>☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES<br><br>☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES<br><br>☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES<br><br>☐ NO |  |

I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: _____ / _____ / _____          _____
                                                                                    SIGNATURE

_____          _____
ATTORNEY REGISTRATION NUMBER                      PRINT OR TYPE NAME

## AFFIDAVIT OF SERVICE

State of New York)
          ) ss.:
County of Ulster  )

    I, _DeVonte Moorer_____, swear under penalty of

perjury that:

I am the Petitioner, in the enclosed action.

I have on this ___ day of _____ 2022, placed and

submitted within the institutional mailbox located at Eastern

Correctional facility P.O. Box 338, Napanoch, New York 12458,

the following,

1. _Full and Complete Title 42 Section 1983 Suit with Civil Coversheet,_
x. _Request for Judicial Intervention, request to proceed In Forma Pauperis,_
x. _and exhibits_ _____

    To be duly mailed and delivered via United States Postal

Service upon the following party [s]:

1. _United States District Court, U.S. Courthouse, 100 State St., Rochester, NY 14614-_
                                                                   1387

2. _____

3. _____

Sworn to before me this
29 day of November 2022

_____
Notary Public

x. _DeVonte Moorer_____
Mr. _DeVonte Moorer_____
Eastern New York Correctional Facility
P.O. Box 338
Napanoch, New York 12458-0338

DIN # 11B2591

**KIM A FRANCOIS**
NOTARY PUBLIC-STATE OF NEW YORK
No. 01FR6313861
Qualified in Sullivan County
My Commission Expires 10-27-2022