UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEVONTÉ RASHAD LEE MOORER,

                    Plaintiff,

          v.

TERRENCE MCCANN,

                    Defendant

---

**DECISION AND ORDER**

6:23-CV-06040 FPG CDH

## <u>INTRODUCTION</u>

Plaintiff Devonté Rashad Lee Moorer ("Plaintiff") has asserted a claim under 42 U.S.C. § 1983 against Defendant Terrence McCann ("Defendant") for violation of his constitutional right to equal protection.  (*See* Dkt. 8).  Plaintiff has moved to depose four inmates in correctional facilities in New York.  (Dkt. 29).  For the reasons set forth below, the Court grants Plaintiff's motions for inmate depositions.[1]

## <u>BACKGROUND</u>

After Plaintiff commenced the instant action, United States District Judge Frank P. Geraci, Jr. screened Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1914A(a).  (Dkt. 6; Dkt. 8).  Plaintiff was permitted to proceed to service on a claim that Defendant violated his right to equal protection by applying New York Department of Corrections and Community Supervision ("DOCCS") Directive 4914—which relates to grooming standards for incarcerated individuals—

---

[1]     Plaintiff has also filed two motions to amend.  (Dkt. 34; Dkt. 43).  The Court addresses those motions in a separate Decision and Order, issued contemporaneously with this Decision and Order.

in a racially discriminatory manner.  (*See* Dkt. 6 at 18-21; Dkt. 8 at 2).  All Plaintiff's other claims were dismissed with prejudice.  (Dkt. 8 at 2).

Judge Geraci referred the matter to Magistrate Judge Marian W. Payson for all pretrial matters, excluding dispositive motions.  (Dkt. 17).  Judge Payson entered a scheduling order pursuant to which fact discovery closed on May 20, 2024.  (Dkt. 22).

On March 11, 2024—more than two months before the close of fact discovery— Plaintiff filed the instant motions to depose four inmates: (1) an inmate named Anthony ("Tony") who is incarcerated at the Wende Correctional Facility ("Wende"); (2) an inmate named Richie Rivera who is incarcerated at Wende; (3) an inmate named Jose Medina who is incarcerated at the Eastern Correctional Facility; and (4) an inmate named Reginald McFadden who is incarcerated at Wende.[2]  (Dkt. 29 at 1-36).  Plaintiff also filed, and the Clerk of Court docketed with his motion papers, four notices of deposition for DOCCS employees.  (*Id*. at 37-45).

Judge Payson entered a scheduling order on Plaintiff's motions for inmate depositions, setting a response deadline of April 1, 2024.  (Dkt. 30).  Defendant did not file a response.

The referral order was reassigned to the undersigned on January 7, 2025. (Dkt. 48).

---

[2]     A search of the New York State Department of Corrections and Community Supervision Incarcerate Lookup Database (available online at https://nysdoccslookup.doccs.ny.gov/) indicates that Mr. McFadden is deceased and has been since March 6, 2023.  Within 10 days of entry of this Decision and Order, counsel for Defendant shall file a letter advising the Court whether this is accurate.

## DISCUSSION

Under Federal Rule of Civil Procedure 30(a)(2)(B), when a party seeks to conduct oral depositions, "[the] party must obtain leave of court . . . if the deponent is confined in prison." Fed. R. Civ. P. 30(a)(2)(B).[3] "Rule 30(a)(2) instructs that this leave shall be granted to the extent consistent with the principles stated in Rule 26(b)[(1) and ](2)." *Braham v. Lantz*, No. 3:08-CV-1564 DFM, 2011 WL 4809032, at *1 (D. Conn. Oct. 11, 2011) (quotation omitted). Rule 26(b)(1) provides that parties generally "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," taking into account certain enumerated considerations. Fed. R. Civ. P. 26(b)(1). "Rule 26(b)(2) vests the Court with "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford–El v. Britton*, 523 U.S. 574, 598 (1998). Generally, "[l]eave to depose a prisoner should be granted unless the objecting party shows that the deposition would be unreasonably cumulative or duplicative, the party seeking the deposition has had ample opportunity to obtain the information sought, or the burden or expense of the deposition outweighs its likely benefit." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. AP 08-01789 (SMB), 2019 WL 654293, at *12 (Bankr. S.D.N.Y. Feb. 15, 2019).

---

[3]     Plaintiff references both Rule 30 and Rule 31, which governs the taking of depositions by written questions, in his motion papers. (*See, e.g.,* Dkt. 29 at 11, 19). However, the substance of his motion papers makes clear that he is seeking to conduct oral depositions. The Court has accordingly analyzed his motions under Rule 30.

Here, Defendant has not responded to Plaintiff's motions and accordingly has not demonstrated that there is any basis to deny Plaintiff leave to depose the four identified inmates. Further, Plaintiff represents in his motion papers that each of the four inmates whom he seeks to depose witnessed Defendant's allegedly discriminatory treatment of Plaintiff. Under these circumstances, the Court grants Plaintiff's request to depose the four inmates identified in his motion papers.

With respect to the four notices of deposition for DOCCS employees that were docketed along with Plaintiff's motion papers, Plaintiff does not require the Court's permission to depose DOCCS employees. The Court does not construe these notices of deposition as seeking any action from the Court.

The Court further addresses some procedural considerations associated with Plaintiff's motions for inmate depositions. First, the Court notes that discovery has closed during the pendency of these motions. Accordingly, it is necessary for the Court to reopen discovery to allow time for the depositions to be conducted. "The Federal Rules of Civil Procedure (FRCP) allow for the modification of a district court's scheduling order 'only for good cause.'" *Gem Fin. Serv., Inc. v. City of N.Y.*, No. 13-CV-1686 MKB RER, 2019 WL 8014411 *2 (E.D.N.Y. Apr. 18, 2019) (*citing* Fed. R. Civ. P. 16(b)(4)).

"Diligence is the primary consideration in the good cause analysis." *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 198 (S.D.N.Y. 2014) (citing *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 44 (2d Cir. 2007)). Other factors courts in this Circuit have considered when deciding whether to reopen discovery are (1)

"whether trial is imminent," (2) "whether the request is opposed," (3) "whether the non-moving party would be prejudiced," (4) "the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court," and (5) "the likelihood that the discovery will lead to relevant evidence." *Moroughan v. Cnty. of Suffolk*, 320 F. Supp. 3d 511, 515 (E.D.N.Y. 2018) (citation omitted).

As noted above, Plaintiff filed his motion on March 11, 2024, more than two months before fact discovery closed. (Dkt. 29). Because Plaintiff diligently sought discovery in compliance with the operative scheduling order, the primary consideration—diligence—weighs heavily in favor of reopening discovery for a brief window. The other relevant factors similarly favor a brief reopening because no trial of this action is imminent, Defendant did not oppose Plaintiff's motions, Defendant would not be prejudiced by permitting the requested discovery, Plaintiff sought this discovery in the time allowed by the operative scheduling order (and it was the Court's own delay in deciding his motions that prevented him from obtaining it), and Plaintiff has represented—and Defendant has failed to dispute—that the depositions are likely to lead to relevant evidence. Under these circumstances, the Court finds good cause to *sua sponte* reopen discovery for the limited purpose of allowing Plaintiff to conduct the requested depositions. The Court modifies the scheduling order in this case (Dkt. 22) to reopen discovery for 45 days from entry of this Decision and Order, only for the limited purpose of permitting Plaintiff to take the depositions of the four inmates identified in his motion papers.

- 5 -

Second, the Court appreciates that there are logistical considerations in conducting a deposition where both the plaintiff and the witness are inmates. The Court notes that Rule 30(b)(4) provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). If Defendant wishes to move for the deposition of the inmate witnesses to be conducted by remote means, the Court will hear such a motion on an expedited basis. Specifically, any motion to conduct the depositions by remote means shall be filed within 10 days of entry of this Decision and Order. Responses, if any, shall be filed within 7 days of the filing of the motion.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion to take depositions of the four inmates identified in his motions. (Dkt. 29). The depositions shall be completed within 45 days of entry of this Decision and Order. The Court modifies the scheduling order (Dkt. 22) to reopen discovery for this limited purpose. Any motion by Defendant for the depositions to be conducted by remote means shall be filed within 10 days of entry of this Decision and Order. Responses, if any, shall be filed within 7 days of the filing of the motion.

Further, within 10 days of entry of this Decision and Order, counsel for Defendant shall file a letter advising the Court: (1) whether Reginald McFadden is deceased; and (2) whether the other inmates identified in Plaintiff's motion papers remain in DOCCS custody at this time.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: February 24, 2025
      Rochester, New York