UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DEVONTÉ RASHAD LEE MOORER,

                   Plaintiff,

    v.

TERRENCE MCCANN,

                Defendant

_____

**ORDER**

6:23-CV-06040 FPG CDH

Plaintiff Devonté Rashad Lee Moorer ("Plaintiff") has filed a letter motion requesting that the Court contact Sing Sing Correctional Facility, where he is incarcerated, to arrange for him to depose other incarcerated individuals via telephone. (Dkt. 58 at 1). The Court previously issued Orders granting Plaintiff's motion for leave to take these depositions (Dkt. 49), and Defendant's motion to have these depositions taken via telephone (Dkt. 52).

Plaintiff's motion includes correspondence between Plaintiff and Offender Rehabilitation Coordinator ("ORC") Williams, in which Plaintiff requests that ORC Williams "help provide [him] with an appropriate space and notary public, phone and recorder within a timely fashion" to conduct and record the depositions and administer the oath to the deponents. (Dkt. 58 at 2). ORC Williams states in response: "The courts have to contact the facility directly about this matter. I do not handle legal matters." (*Id.*). Plaintiff asks that the Court "[p]lease take this into consideration. (*Id.* at 1).

While the extent to which Plaintiff expects the Court to help arrange these depositions is unclear,[1] "[i]t is not incumbent upon the Court . . . to assume responsibility, logistically or financially for the depositions Plaintiff wishes to conduct." *Kramer v. City of New Kensington*, No. CV 13-606, 2016 WL 406284, at *2 (W.D. Pa. Feb. 3, 2016) (granting incarcerated plaintiff leave to take oral depositions but explaining that the plaintiff "and not the Court or Defendants, must arrange for or notice the depositions, as arranging depositions is Plaintiff's Rule 30 responsibility"). Even though he has been granted *in forma pauperis* status, Plaintiff is required to cover the costs of his depositions, including the fees for administering the oath, the costs of recording the testimony, and, if by remote means, the costs of setting up the recording. *See Read v. Kwiatkowski*, No. 15-CV-6475, 2017 WL 1180953, at *1 (W.D.N.Y. Mar. 29, 2017). Neither the Court nor Defendant is required to advance any funds for deposition expenses. *Smith v. Smicht*, No. 22-CV-00150-JLS-MJR, 2024 WL 1604109, at *3 (W.D.N.Y. Mar. 25, 2024).

Moreover, it is Plaintiff's obligation to arrange for the depositions to be recorded in compliance with Federal Rule of Civil Procedure 30(b)(3). *See, e.g., El-Massri v. New Haven Corr. Ctr.*, No. 3:18-CV-1249 (CSH), 2019 WL 13556975, at *2-3 (D. Conn. May 28, 2019); *Rosario v. Anson*, No. 9:12-CV-1506 GLS/CFH, 2014 WL 4418052, at *3 (N.D.N.Y. Sept. 8, 2014); *Nowlin v. Lusk*, No. 11CV712S, 2014 WL

---

[1]    The Court also has no knowledge of whether ORC Williams's response represents the New York Department of Corrections and Community Supervision's ("DOCCS") official position, or if ORC Williams was the appropriate party for Plaintiff to ask about this matter.

298155, at *11 (W.D.N.Y. Jan. 28, 2014); *Koehl v. Greene*, No. 9:06CV0478 LEK/GHL, 2007 WL 4299992, at *3 (N.D.N.Y. Dec. 6, 2007).  The Court having granted Plaintiff leave to take the requested depositions did not relieve Plaintiff of this obligation.

Accordingly, Plaintiff's motion for the Court's assistance in arranging the depositions (Dkt. 58) is denied.

**SO ORDERED.**

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: Rochester, New York
April 24, 2025