UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEVONTÉ RASHAD LEE MOORER,

                Plaintiff,

      v.

TERRANCE MCCANN,

                Defendant.
_____

**DECISION AND ORDER**

6:23-CV-6040 FPG CDH

## INTRODUCTION

Plaintiff Devonté Rashad Lee Moorer ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), asserts a claim against defendant Terrence McCann ("Defendant") pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's constitutional right to equal protection. (*See* Dkt. 8 at 2).

Currently pending before the Court is Plaintiff's motion to appoint counsel. (Dkt. 60; Dkt. 61; Dkt. 62). For the reasons that follow, Plaintiff's motion is granted.

## BACKGROUND

This matter has been referred to the undersigned for all non-dispositive pretrial proceedings. (*See* Dkt. 17; Dkt. 48).

The Court assumes the parties' familiarity with the factual and procedural background of this matter for purposes of this Decision and Order. The facts and procedure salient to the instant motion are summarized below.

Plaintiff commenced this action on January 17, 2023. (Dkt. 1). Plaintiff was permitted to proceed to service on one claim that Defendant violated Plaintiff's right to equal protection by applying DOCCS Directive 4914—which relates to grooming standards for incarcerated individuals—in a racially discriminatory manner. (*See* Dkt. 6 at 18-21; Dkt. 8 at 2). All Plaintiff's other claims were dismissed with prejudice. (Dkt. 8 at 2).

On March 11, 2024, Plaintiff moved to "depose four inmates: (1) an inmate named Anthony ('Tony') who is incarcerated at the Wende Correctional Facility ('Wende'); (2) an inmate named Richie Rivera who is incarcerated at Wende; (3) an inmate named Jose Medina who is incarcerated at the Eastern Correctional Facility; and (4) an inmate named Reginald McFadden who is incarcerated at Wende." (Dkt. 49 at 2; *see also* Dkt. 29). On February 24, 2025, the undersigned issued a Decision and Order "grant[ing] Plaintiff's motion to take depositions . . . [and] reopen[ing] discovery for [that] limited purpose." (Dkt. 49 at 6).

On February 26, 2025, Defendant made a motion for the depositions to be conducted telephonically. (Dkt. 51 at 1). In support of this motion, defense counsel submitted a declaration explaining that "Reginald McFadden . . . is deceased, and that DOCCS has insufficient information to identify incarcerated individual Tony at Wende CF." (Dkt. 51-1 at ¶ 6). Subsequently, the Court granted Defendant's motion "allowing the depositions of Richie Rivera . . . and Jose Medina . . . to be taken by telephone." (Dkt. 52). On April 16, 2025, the Court issued a Text Order extending the deadline to complete depositions to May 10, 2025, and the deadline to file dispositive

motions to July 9, 2025. (Dkt. 57). On April 18, 2025, Plaintiff filed a letter motion requesting that the Court contact Sing Sing Correctional Facility, where he was incarcerated at the time, to arrange his requested depositions (Dkt. 58 at 1), which the Court denied (Dkt. 59 at 3).

On May 19, 2025, Plaintiff filed the instant motion "for an order granting and assigning counsel[.]" (Dkt. 61 at 6). Plaintiff argues that his "several mental health disorders" (which cause him, among other things, "difficulty focusing on any one task [for] long enough to complete [it])," his "indigent financial circumstances," and uncooperative prison staff mean he cannot "further litigate this case for depositions and [t]rial." (Dkt. 61 at 5, 14-15). Defendant did not file a response to Plaintiff's motion for appointment of counsel. Defendant also did not file a dispositive motion following the close of fact discovery.[1]

## DISCUSSION

### I. Legal Standard

Parties have no right to appointed counsel in civil cases, unlike in a criminal matter. *See Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003). The Court nevertheless has the discretion to appoint counsel to assist an indigent litigant pursuant to 28 U.S.C. § 1915(e). *See Sears, Roebuck and Co. v. Charles W. Sears Real Est., Inc.*, 865 F.2d 22, 23 (2d Cir. 1988); *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). In exercising its discretion, the Court

---

[1] At the outset of this case, Defendant filed a motion for summary judgment in lieu of answer. (Dkt. 10). That motion was denied on October 2, 2023. (Dkt. 15).

must consider carefully whether appointment of counsel is warranted in a particular civil matter, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

When deciding whether to grant a motion to appoint counsel in a civil case, courts in this Circuit consider various factors, including: (1) whether the claims seem likely to be of substance; (2) whether the litigant can investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the legal issues involved are complex; and (5) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). "Only after an initial finding that a claim is likely one of substance, will [a court] consider secondary factors[.]" *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citation omitted). "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [the plaintiff's] chances of prevailing are therefore poor." *Id.*

II.     **Motion for Appointment of Counsel**

The Court finds that Plaintiff's claim is likely to be of substance, given it has survived Defendant's pre-answer motion for summary judgment (*see* Dkt. 10; Dkt. 15) and is on track for trial. *See Shivers v. McGee*, No. 22-CV-720 (JLS) (HKS), 2024 WL

3938547, at *1 (W.D.N.Y. Aug. 26, 2024) ("[I]n light of the procedural posture of this case—in particular, that the case will proceed to discovery and possible . . . trial—the Court grants Plaintiff's motion to appoint counsel . . . in this case going forward."). The Court accordingly considers the other applicable factors.

Regarding the second factor, Plaintiff displays an inability to investigate facts critical to his case. Despite the Court granting Plaintiff's motion for depositions, in part because the requested deponents purportedly "witnessed Defendant's allegedly discriminatory treatment of Plaintiff" (Dkt. 49 at 4, 6), Plaintiff has been unsuccessful at conducting any depositions in the last six months (*see* Dkt. 61 at 11-12). Consequently, this factor weighs in favor of appointment.

Regarding the third factor, the Court observes that there is "conflicting evidence implicating the need for cross-examination," such as Defendant's treatment of and demeanor towards Plaintiff during the relevant time period. *Marshall v. Annucci*, No. 15-CV-6707-DGL-MJP, 2021 WL 1975401, at *2 (W.D.N.Y. May 18, 2021). Thus, this factor weighs in favor of the appointment of counsel.

As for the fourth factor, Plaintiff's only remaining cause of action is an equal protection claim alleging that Defendant applied a single DOCCS directive in a racially discriminatory manner. (Dkt. 8 at 2). The Court determines that the legal issues here are not complex, thus this factor weighs against appointment of counsel. As for the fifth factor, the Court cannot identify any special reasons why appointment of counsel would lead to a more just determination of this case.

On balance, the Court determines that the relevant factors weigh in favor of appointing counsel for Plaintiff moving forward. The Court will make a full scope appointment pursuant to Local Rule of Civil Procedure 83.8(e)(1), meaning appointed counsel "shall represent [Plaintiff] in th[is] action until a final judgment is entered (or some other order is entered terminating the action), or the issue(s) designated by the Court have been resolved." Loc. R. Civ. P. 83.8(e)(1), *see also Medina v. Angrignon*, No. 15-CV-0427-RJA, 2021 WL 2323283, at *2 (W.D.N.Y. May 25, 2021).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to appoint counsel (Dkt. 60) is granted. The Court requests that the Pro Bono Program Administrator begin the process for appointment of pro bono counsel.

The Court notes that while Plaintiff's address of record is the Sing Sing Correctional Facility, his most recent correspondence to the Court has a return address of the Fishkill Correctional Facility. (Dkt. 62 at 1). The DOCCS Incarcerated Lookup database (https://nysdoccslookup.doccs.ny.gov/) indicates that Plaintiff is currently incarcerated at the Fishkill Correctional Facility. The Clerk of Court is directed to update Plaintiff's address of record accordingly.

Plaintiff is reminded that it is his obligation pursuant to Local Rule of Civil Procedure 5.2(d) to "furnish the Court with a current address at which papers may be served" and to "inform the Court immediately, in writing, of any change of address." Loc. R. Civ. P. 5.2(d). Failure to comply with this rule "may result in dismissal of the case, with prejudice." *Id*.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:  Rochester, New York
        September 22, 2025